# CASES

IN THE

# SUPREME JUDICIAL COURT

IN THE

COUNTY OF CUMBERLAND, APRIL TERM, 1840.

---

## Barrett Potter, *Judge, &c.* vs. Eunice Titcomb, *Executrix.*

Under *stat.* 1831, *c.* 514, to abolish special pleading, the points in a brief statement, are equivalent to one or more special pleas in bar, under leave to plead double ; and the final judgment depends upon what the law, as applied to the case, may require after the facts in controversy shall have been settled.

Where the general issue is to be determined by the Court, by an inspection of the record, and facts are set up in defence by brief statement, to be properly settled only by a jury, the determination of them must be referred to the jury ; and when their verdict thereon shall have been returned, it will be for the Court, on view of the whole case, to decide, whether the action has or has not been sustained.

If there has been a joinder of the general issue, and the facts alleged in the brief statement have been directly controverted by a counter statement, no other formal joining of the issue can be required.

This was a *scire facias* by the administrator of the estate of *Elizabeth Titcomb*, the widow of *Moses Titcomb*, deceased, on whose estate *Joseph Titcomb* was administrator, to have execution against the estate of said *Joseph*, of whose will the defendant was executrix, for one half of a judgment recovered against the said *Joseph*, for delinquency as administrator.

*Plea*, that there is no such record as the plaintiff has declared on, with a verification. To this the plaintiff replied, that there is

such record of recovery, &c., " and this he is ready to verify by said record, and prays an inspection thereof by the Court." This is joined by saying, " and the said *Eunice Titcomb* doth the like."

The defendant filed with the plea a brief statement, in substance,

1. That *Elizabeth Titcomb* was never married to *Moses Titcomb.*

2. That *Joseph Titcomb* had fully paid the judgment against him.

3. That *Elizabeth Titcomb* was not entitled to recover.

4. That *Moses Titcomb*, for whose benefit this suit is brought, claiming as assignee of *Elizabeth Titcomb*, was not entitled to recover.

5. That the whole amount of the judgment recovered had been paid to the heirs at law and their assigns, the said *Joseph* retaining only his share, and paying to the assignee of the widow whatever she was entitled to have.

6. That *Elizabeth Titcomb* had legally transferred to said *Joseph Titcomb*, deceased, for a valuable consideration, all her interest in the estate of her late husband.

To each particular in the brief statement the plaintiff replied, and concluded his replications severally with a prayer, " that this may be inquired of by the country." These issues were not joined by the defendant. The following motion was made by the counsel for the plaintiff.

And now the plaintiff, having tendered to the defendant issues to the country upon all the matters of fact in her brief statement contained, and prayed that a jury may be impannelled to try the same — and the said *Eunice Titcomb*, executrix, having here in court refused to join the said issues, or any of them, and thus abandoned her said brief statement, the plaintiff hereupon prays that the Court will proceed to the trial of the general issue, which is joined, by an inspection of the record of the judgment declared on, and render judgment thereon ; and that the plaintiff may have his execution, &c.

*Hopkins*, for the plaintiff, contended, that the defendant should join the issues tendered, and in the same manner as if the matter of the brief statement had been in special pleas, before the statute abolishing special pleading ; and that there was no difficulty in taking that course.

*Mellen & Daveis,* for the defendant, said, that if there was to be no special pleading, they knew not any mode of trying distinct issues of fact in the same case before both the Court and the jury; that they only wanted the advice of the Court on the subject; that they knew not what authority there was under the statute for joining more than one issue; and in this case the general issue was to be tried by the Court; and they did not perceive how the jury were to try any issue in the case.

The opinion of the Court was drawn up by

Weston C. J.—Special pleading having been abolished by law, it becomes the duty of courts of justice so to mould their proceedings, under the substitute provided, a brief statement, that it may supply its place. And there can be no difficulty in effecting this object. The points in a brief statement are equivalent to one or more special pleas in bar, under leave to plead double. The final judgment depends upon what the law, as applied to the case may require, after the facts in controversy shall have been settled. And this is in accordance with the old system, where upon different sets of pleadings, some issues might be found for the plaintiff, and some for the defendant. The mode of trial, preliminary to final judgment, depended upon the issue, which was referred to the decision of the Court, or of a jury, according to the nature of the question presented.

Upon double pleading, a resort might become necessary to both these modes of determining the questions raised in the same case. Carrying out this analogy, which the plea of the general issue with a brief statement plainly requires, if the general issue, as in this case, is to be determined by an inspection of the record, the facts set up in defence in the brief statement can be settled only by the jury, to whom they must be referred. Being directly controverted in the counter statement, no other formal joining of the issue can be legally required. A trial must be had before the jury, who will determine the facts, and it will be for the Court then to decide, whether the action has or has not been sustained, and for which party judgment ought by law to be rendered.